IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

August 6, 2026

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

BRIAN W.,
Petitioner Below, Petitioner

v.) No. 25-ICA-459    (Fam. Ct. Monongalia Cnty. Case No. FC-31-2021-D-86)

SHASTA W.,
Respondent Below, Respondent


**MEMORANDUM DECISION**

Petitioner Brian W. [1] ("Father") appeals the Family Court of Monongalia County's order denying his petition for modification entered October 29, 2025. Respondent Shasta W. ("Mother") filed a response in support of the family court's order.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties married on April 28, 2014, in Antigua, and share one child born in 2015. The parties last lived together as husband and wife in Monongalia County in March 2021. Father filed for divorce on or around March 18, 2021. The parties executed an agreed parenting plan dated March 1, 2022. The agreed parenting plan granted both parents shared decision-making authority and established the residential schedule where the child would primarily reside with Mother and Father would have parenting time with the child every other weekend from Friday at 4:30 p.m. until Sunday at 6:00 p.m. If Father's regular weekend adjoined the fifth Monday of the month, then his parenting time would extend to Monday at 6:00 p.m. If the fifth Monday of the month adjoined with Mother's weekend, then Father would have parenting time from Sunday at 6:00 p.m. to Monday at 6:00 p.m. The court also granted Father parenting time every Tuesday from after school to

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Alyson A. Dotson, Esq., and Michelle L. Bechtel, Esq. Mother is represented by Brianna W. McCardle, Esq.

Wednesday before school or 8:30 a.m. if school was not in session. The court incorporated the agreed parenting plan into the final divorce decree entered March 2, 2022.

Father filed a petition for modification on May 5, 2025, alleging a substantial change in circumstances in that his work schedule had changed and that Mother was newly employed. Father proposed a 2/2/5/5 schedule. Mother filed a response to the petition for modification on May 27, 2025, alleging that Father had failed to allege a substantial change in circumstance warranting modification. Prior to the final hearing, both parties submitted briefs to the court addressing the relevant case law and the legal standards governing modification under the relevant statutes. The family court held a final hearing on the petition for modification on October 29, 2025. Both parties appeared with counsel. After hearing testimony from the parties and examining the evidence presented, the court found that although the schedule changes testified to by Father were not known or anticipated in the previous parenting plan order, the changes were not substantial enough to meet the criteria for modification. The family court denied the petition for modification by an order entered October 29, 2025. It is from this order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises two assignments of error. First, Father argues that the family court abused its discretion when it denied Father's request for a modification of the existing parenting plan by failing to recognize the significance of the parents' changes in work schedule. We are not persuaded by Father's argument. Father argues that due to a change in his work schedule, he is able to extend his parenting time to an equal (50-50) custodial allocation by seamlessly adding Sunday and Monday overnights every other week. Father contends that the changes in his schedule, coupled with Mother's utilization of childcare on days when Father is now available to exercise parenting time constitutes a substantial change in circumstances.

2

Modifications of child custody based upon a "substantial change in circumstances" are governed by West Virginia Code § 48-9-401 (2022).[3] Moreover, as the Supreme Court of Appeals of West Virginia ("SCAWV") has explained,

> [West Virginia Code § 48-9-401(a)] establishes three criteria for change-in-circumstances modifications. *First*, the facts relevant to the change in circumstances must not have been "known" or "anticipated" in the order that established the parenting plan. *Ibid. Second*, the change in circumstances, whether "of the child or of one or both parents[,]" must be "substantial[.]" *Ibid. Third*, the modification must be "necessary to serve the best interest of the child."

*Jared M. v. Molly A.*, 246 W. Va. 556, 561, 874 S.E.2d 358, 363 (2022) (citations omitted). The burden is on the party seeking the modification to establish a substantial change of circumstances. *See Goff v. Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987) (holding that the burden of proof is on the parent seeking to modify the parenting plan). Alternatively, when seeking relief under West Virginia Code § 48-9-401(b), the petitioning party must prove that the parenting plan was not working as anticipated *and* was manifestly harmful to the child.

Here, Father testified that he still maintains employment as an ophthalmologist and works in two office locations in Morgantown and Bridgeport. Father also testified that he essentially works the same hours as he did previously. Father testified that he does not always have a full day of surgery on Mondays and would be available for more parenting time with the minor child, but he also acknowledged that he now has board meetings on the second and fourth Mondays of each month which last from 6:30 p.m. to as late as 11:00 p.m. After hearing testimony from the parties and examining the evidence presented, the court found that the schedule changes testified to by Father were not known or anticipated in the previous parenting plan order. However, the order expressly makes a finding that these "changes were not substantial enough to meet the criteria" for a modification. Further, the court found that although Father's work schedule had changed, there was no allegation that the current parenting plan was not operating as it was previously anticipated.

---

[3] West Virginia Code § 48-9-401 (2022) provides, in part, as follows:

(a) Except as provided in § 48-9-402 or § 48-9-403 of this code, a court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

This Court cannot set aside a family court's findings "unless clearly erroneous," and a finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Under the clearly erroneous rule, appellate courts of this State do not reweigh the evidence and will not reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017). Further, significant deference is afforded to the family court's factual determinations when deciding whether to grant a petition for modification. Accordingly, we cannot conclude that the family court's denial of Father's petition for modification was clearly erroneous or an abuse of discretion.

Lastly, Father argues that the family court erred when it failed to include specific findings of fact and conclusions of law to support its determination that the changes in Father's work schedule were not substantial enough to warrant a modification. We disagree. The SCAWV has said that to enable proper review, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996).

Here, the record supports the findings of the family court as set forth in the October 29, 2025, order denying petition for modification. The family court heard and observed the witnesses' testimony, considered the documentary evidence, and was in the best position to weigh the evidence in this matter. We find that the family court's October 29, 2025, order included sufficient findings of fact and conclusions of law, and Father's disagreement with the court's weighing of the evidence does not entitle him to relief. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

Accordingly, we affirm the family court's October 29, 2025, order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White